IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TREMIS ADDENIS WOODLEY, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 4:10-CV-98-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, *et al.,* | : | Habeas Corpus Petition |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Respondents' motions to dismiss. Respondents Eric Holder, Janet Napolitano, and Felicia Skinner filed a Motion to Dismiss on November 5, 2010, claiming Petitioner's application for habeas relief is moot because Petitioner has been released on an Order of Supervision. (Doc. 14.) Additionally, on November 8, 2010, Respondent Michael Swinton filed a Motion to Dismiss claiming that he is not a proper party to this lawsuit. (Doc. 15.) Because the Court finds that Petitioner's application for writ of habeas corpus is moot, this case should be dismissed.

## DISCUSSION

In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Doc. 1.) The pleadings reveal that on November 1, 2010, following the filing of his application for federal habeas relief, Petitioner was released under an Order of Supervision. (Doc. 14-2.) Because of Petitioner's release, Respondents Holder,

Napolitano, and Skinner moved to dismiss the pending § 2241 as moot. (Doc. 14.)

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief,[1] the case is moot and

---

[1] In a letter to the Court dated November 4, 2010, the Petitioner acknowledges that he has been released from Stewart Detention Center, but asks that the Court not dismiss his application for habeas relief. Instead, Petitioner requests that the Court interpret his "writ of habeas corpus to achieve its full effectiveness regarding my protection from unlawful future detention." (Doc. 17 at 1.) Similarly, in his response to the motions to dismiss, Petitioner asks that the Court "enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner." (Doc. 19 at 3.) The Court cannot rule on issues that are not currently ripe, such as a potential future violation of Petitioner's rights. *See, e.g., United States v. Hodnett*, 210 F. App'x 949, 954 (11th Cir. 2006) ("In this case, [the defendant's] concerns about a potential Fifth Amendment violation present only speculation about future contingent events, and therefore, his claim is not ripe for review.") This is true even though Petitioner is attempting to amend his claims to request injunctive relief.

"[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical threat of *future* injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 f.3d 1262, 1284 (internal quotation marks and citations omitted) (emphasis in original). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation marks and citation omitted) (omission in original). The Court lacks jurisdiction over Petitioner's claim for relief from future detention. The Petitioner is reminded that he is not prohibited from filing a new § 2241 petition if he is later illegally confined.

"dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

## CONCLUSION

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be **DISMISSED** without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Respondents Holder, Napolitano, and Skinner's Motion to Dismiss (Doc. 14) should therefore be **GRANTED**. Since the Court recommends dismissal of the habeas petition against all parties on the basis of mootness, the Court declines to address Respondent Swinton's Motion to Dismiss and recommends that it be **DENIED AS MOOT.** Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 6th day of December, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE